## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2019, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric A. Emrich, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-278 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1804-F4-15 |

**Baker, Judge.**

[1] Eric Emrich appeals the ten-year sentence imposed by the trial court after he pleaded guilty to Level 5 Felony Possession of Methamphetamine, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding the sentence not inappropriate, we affirm.

[2] On April 11, 2018, the State charged Emrich with Level 4 felony possession of methamphetamine, Level 5 felony possession of methamphetamine, Level 6 felony possession of a syringe, Level 6 felony counterfeiting, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. The State also alleged that Emrich was an habitual offender. Later, on January 2, 2019, the State filed an additional charge of Level 5 felony possession of methamphetamine with a prior conviction. That same day, Emrich entered into a guilty plea agreement, pursuant to which he agreed to plead guilty to the Level 5 felony possession of methamphetamine charge in exchange for dismissal of the other charges. Additionally, Emrich admitted that he was an habitual offender due to his past convictions for Level 6 felony possession of a syringe, Class D felony possession of marijuana with a prior conviction, Class D felony escape, and Class C felony forgery.

[3] During Emrich's January 13, 2019, sentencing hearing, Emrich admitted that he had been in possession of more than one gram of methamphetamine, that he had yet to pay almost $10,000 in outstanding child support, that he had been sentenced multiple times to the Department of Correction (DOC), and that he had committed this specific crime while he was on probation. The plea agreement established that the executed portion of Emrich's sentence would be

between five and eight years. Appellant's App. Vol. II p. 47. The trial court ultimately sentenced Emrich to an aggregate term of ten years, with seven years executed in the DOC, one year in community corrections, and two years on supervised probation. Emrich now appeals.

[4] Emrich argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). It is our job to leaven the outliers, not to achieve a perceived "correct" sentencing result. *Id.* at 1225.

[5] The maximum sentence for a Level 5 felony possession of methamphetamine conviction is six years, and the minimum sentence is one year. Ind. Code § 35-50-2-6(b). The advisory sentence is three years. *Id.* However, for a person found to be an habitual offender, the trial court may enhance the sentence for a Level 5 felony conviction by two to six years. I.C. § 35-50-2-8(i)(2). Here, the trial court sentenced Emrich to an aggregate term of ten years, with seven years

executed in the DOC, one year in community corrections, and two years on supervised probation.

[6] First, as to the nature of the offense, Emrich was initially charged with more than just felony possession of more than one gram of methamphetamine. Specifically, he was also charged with Level 4 felony possession of methamphetamine, Level 5 felony possession of methamphetamine, Level 6 felony possession of a syringe, Level 6 felony counterfeiting, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. And though Emrich only admitted to possessing more than one gram of methamphetamine, the probable cause affidavit alleged that Emrich had been in possession of 7.52 grams of methamphetamine, more than enough to be convicted of Level 5 felony possession. Appellant's App. Vol. II p. 19. While Emrich claims that no significant harm resulted from his actions, drug crimes produce deleterious effects to a surrounding community. Therefore, we find that the nature of Emrich's offense does not render his sentence inappropriate.

[7] Next, as to the Emrich's character, Emrich makes light of the fact that he has been charged and convicted of numerous drug-related offenses in the past. *See Lindsey v. State*, 916 N.E.2d 230, 241 (Ind. Ct. App. 2009) (finding that a "criminal record alone justifies the sentence imposed by the trial court"). Emrich has defied the law many times, accumulated numerous convictions— both felony and misdemeanor—and has not improved his character despite multiple opportunities for improvement. Emrich even admitted during

sentencing that he committed this offense while he was on probation for another conviction. Emrich shows little sign of reform, and while he did plead guilty, "[a] guilty plea is not automatically a significant mitigating factor." *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999). Therefore, we find that Emrich's character does not render his sentence inappropriate.

[8]     In sum, we will not revise Emrich's sentence pursuant to Indiana Appellate Rule 7(B).

[9]     The judgment of the trial court is affirmed.


Kirsch, J., and Crone, J., concur.